UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN A. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:10 CV 310 |
| | ) |
| J N K, INC., d/b/a BURTON'S LAUNDRY, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion for summary judgment (DE # 22) and two related motions: plaintiff's motion to supplement his response to defendant's motion (DE # 48), and defendant's motion to strike the affidavit of Vernita Kelly (DE # 50). For the reasons set forth below, all of the motions are denied.

I.     BACKGROUND

Plaintiff Bryan Kelly alleges that he attempted to apply for a job at defendant's business, Burton's Laundry, in June of 2008. Kelly claims that he spoke to an unknown female employee who identified herself as the manager. Kelly asserts that he handed her an application containing information about his prior experience working at other laundromats. According to Kelly, the woman looked it over, immediately handed it back to plaintiff, and told him "'we don't hire men here.'" (DE # 47-1 ¶ 6.) The woman then wrote information on the top of his application about where he could apply for another job, and Kelly left with the application in hand.

According to defendant, the female employee who interacted with Kelly never told Kelly that the laundromat did not hire men. (DE # 23 at 1-2.) Rather, the employee informed Kelly that the laundromat was not taking applications or hiring individuals at that time, and referred Kelly to another business also owned by defendant that was accepting applications. Defendant claims that it has no policy or practice that limits the hiring of men at its laundromat.

Plaintiff filed suit against defendant, alleging discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. Defendant has now moved for summary judgment on plaintiff's claim, arguing that plaintiff has no evidence supporting a claim of discrimination. (DE # 22.) Plaintiff responded (DE ## 46-47), defendant replied (DE # 49), and plaintiff filed a "sur-response" (DE # 55). Plaintiff also moved to supplement his response to defendant's motion with an updated, signed affidavit of plaintiff's sister, Vernita Kelly, to replace the unsigned affidavit that was originally submitted to the court. (DE # 48.) In response, defendant moved to strike Vernita's affidavit as inadmissible and untimely filed (DE # 50); plaintiff also responded to this motion (DE # 52). All of the motions are now briefed and ripe for ruling.

## II.    LEGAL STANDARD

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

2

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met; it may discharge this responsibility by showing that there is an absence of evidence to support the non-moving party's case. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010) (citing *Celotex,* 477 U.S. at 323). To overcome a motion for summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)). The nonmoving party must show that there is evidence upon which a jury reasonably could find for him. *Id.*

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for

3

a factfinder. *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson,* 477 U.S. at 255). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe,* 42 F.3d at 443.

### III.  DISCUSSION

Plaintiff alleges that defendant violated Title VII of the Civil Rights Act of 1964. Title VII forbids an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [the individual's] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e(2)(a). A plaintiff may prove employment discrimination under Title VII using either the "direct method" or the "indirect method." *See, e.g., Cerruti v. BASF Corp.,* 349 F.3d 1055, 1060-61 (7th Cir. 2003). Under the direct method of proof, a plaintiff must show through the preponderance of direct and/or circumstantial evidence that the employer's decision to take an adverse job action against the plaintiff was motivated by an unlawful purpose, such as race or national origin. *Id.* at 1061. The indirect method provides a burden-shifting framework in which a plaintiff who establishes a prima facie case enjoys a presumption of discrimination which requires the defendant to articulate a legitimate non-discriminatory reason for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). In this case, plaintiff has presented sufficient evidence to survive summary

4

judgment under the direct method of proof, so the court will limit its analysis accordingly.

The direct method of proof utilizes both direct and circumstantial evidence that goes straight to the issue of intent. Direct evidence of discrimination is, essentially, an acknowledgment of discriminatory intent by the defendant or its agents, without reliance on inference or presumption. *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000); *see also Gorence v. Eagle Food Ctrs., Inc.*, 242 F.3d 759, 762 (7th Cir. 2001); *Mojica v. Gannett Co.*, 7 F.3d 552, 561 (7th Cir. 1993). By way of example, the statement "I fired Judy because she was an old woman" proves intentional discrimination against Judy based on her age; thus it is direct evidence. *Gorence*, 242 F.3d at 762. In contrast, the statement "Old women are hard to deal with," without more, does not prove intentional discrimination against Judy based on her age, and thus it is circumstantial evidence. *Id.*; *see also Rogers v. City of Chi.*, 320 F.3d 748, 753 (7th Cir. 2003) ("Direct evidence essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus.") (citation and internal quotation marks omitted). A plaintiff can survive summary judgment by producing either type of evidence as long as it creates a triable issue on whether discrimination motivated the employment action. *Diaz v. Kraft Foods Global, Inc.*, 653 F.3d 582, 587 (7th Cir. 2011).

In this case, Kelly has attested via his sworn affidavit that after he submitted his application to the woman working at the front desk of the laundromat, the woman told him "'we don't hire men here.'" (DE # 47-1 ¶ 6.) The court is not permitted to weigh

credibility at the summary judgment phase. *Payne,* 337 F.3d at 770. Further, the court must construe all facts in a light most favorable to plaintiff, the non-moving party, and draw all legitimate inferences in his favor. *NLFC,* 45 F.3d at 234. Kelly's testimony, if believed, would establishes that the female laundromat employee stated "we don't hire men here." No inference or presumption is necessary to discern discriminatory animus from her statement. In short, Kelly has provided direct evidence of discrimination. *Cf. Smith v. Great Am. Restaurants, Inc.,* 969 F.2d 430, 434-35 (7th Cir. 1992) (plaintiff's own testimony that employer told her she was fired because the restaurant required younger management and plaintiff was "too old to cut it" constituted direct evidence of age discrimination). The employee's statement is more than sufficient to create a triable issue on whether discrimination motivated the employment action.

Defendant argues briefly in its reply that plaintiff's claim should fail because the female employee with whom Kelly spoke had no authority to hire Kelly, pointing to the affidavit of its president, David Nufer, who claims to have ultimate control over all hiring decisions. (DE # 49-1 at 2.) However, it is well-settled that where a subordinate, by concealing relevant information from a decisionmaker or feeding false information to him, is able to influence or manipulate an employment decision, the subordinate's prejudices can be imputed to the decisionmaker. *Wallace v. SMC Pneumatics, Inc.,* 103 F.3d 1394, 1400 (7th Cir. 1997); *Willis v. Marion County Auditor's Office*, 118 F.3d 542, 547 (7th Cir. 1997). In this case, the court must accept as true for purposes of the present motion that a female employee of the laundromat operating the front desk refused to

6

accept plaintiff's application and stated that men were not hired at the laundromat. This is sufficient to create a genuine issue as to whether the female employee influenced the employment decision-making process by effectively concealing Kelly's attempt to apply for a job, thus ensuring that the real decisionmaker – presumably Nufer – never had an opportunity to make a meaningful choice regarding Kelly's employment. Thus, there is an issue of fact as to whether the alleged actions of the female employee are sufficient to impute her animus onto the actual decisionmaker under *Wallace*. For this reason, defendant is not entitled to summary judgment simply because the employee who rejected plaintiff's application on the basis of his gender was not technically in a position to hire him.

A few peripheral matters remain. Plaintiff moved for leave to supplement his response to defendant's motion for summary judgment with the signed affidavit of plaintiff's sister, Vernita Kelly. (DE # 48.) In her affidavit, Vernita attests that she was the one who picked up an application from the laundromat and later gave the application to her brother. (DE # 48-2.) In response, defendant moved to strike Vernita's affidavit as inadmissible and untimely filed. (DE # 50.) Vernita's affidavit has no impact on the outcome of defendant's motion for summary judgment; with or without Vernita's statement, plaintiff's own affidavit supplies the necessary direct evidence of discrimination to defeat defendant's motion. Accordingly, plaintiff's motion for leave to supplement his response and defendant's motion to strike Vernita's affidavit are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (DE # 22) is **DENIED**. Plaintiff's motion for leave to supplement his response (DE # 48) and defendant's motion to strike Vernita Kelly's affidavit (DE # 50) are each **DENIED** as moot.

**SO ORDERED.**

Date: February 29, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT